# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES J. LARNERD,** | : | CIVIL ACTION NO. 1:14-CV-1204 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **DETECTIVE MONG,** *et al.*, | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 21st day of September, 2015, upon consideration of the report (Doc. 45) of Magistrate Judge Joseph F. Saporito, Jr., recommending the court deny the collective defendants' motion (Doc. 29) for summary judgment, (see Doc. 45), wherein the Magistrate Judge opines that plaintiff James J. Larnerd, Jr., ("Larnerd"), has demonstrated genuine disputes of material fact to preclude the entry of summary judgment in favor of defendants, and further recommending the court deny Larnerd's fourth motion (Doc. 43) for an extension of time to complete discovery for failure to identify any exigent circumstances preventing him from completing discovery in a timely manner, and following an independent review of the record, the court in agreement with the Magistrate Judge that Rule 56 judgment

is inappropriate at this juncture, despite Larnerd's imperfect compliance with the Local Rules of Court in responding to defendants' motion,[1] and noting that

---

[1] Defendants contend that the court must deem their account of the circumstances of Larnerd's arrest to be undisputed because Larnerd failed to comply with the requirements of Local Rule 56.1. Local Rule 56.1 tasks the non-moving party to respond to the movant's statement of facts with reference to the parts of the record that support the non-movant's responsive statements. See LOCAL RULE OF COURT 56.1. Generally, failure to comply with Rule 56.1 permits a court to deem the movant's statement of material facts to be undisputed. See, e.g., Kuhn v. Capitol Pavilion, No. 1:11-CV-2017, 2012 WL 5197551, at *9 (M.D. Pa. Oct. 19, 2012) (Rambo, J.). In Kuhn, for example, Judge Rambo deemed the movant's statement of material facts to be admitted where the *pro se* plaintiff failed to file any statement responsive to the movant's statement. See id. However, as Magistrate Judge Saporito notes, deeming a moving party's statement to be admitted in the face of a response that clearly demonstrates disputes of fact, albeit in a manner other than that contemplated by the Local Rules, "would be inconsistent with the tradition of leniency given to *pro se* litigants in their compliance with the procedural requirements." (Doc. 45 at 4-6 (quoting Spencer v. Biggins, No. 1:11-CV-1850, 2013 WL 5702312, at *2 (M.D. Pa. Oct. 18, 2013) (Rambo, J.))). Magistrate Judge Saporito acknowledges that Larnerd did not file a perfectly conforming response, but notes that Larnerd nonetheless expressly objected to a number of defendants' statements of fact, attached a sworn declaration and other exhibits supporting his version of events, and filed two briefs in opposition to defendants' motion. (See Doc. 45 at 4-5). For this reason, Judge Saporito recommends that the court not accept defendants' version of the facts in its entirety. (See id.). Larnerd's responsive filings clearly convey several disputes of material fact and a vigorous denial of defendants' account of the circumstances of his arrest. Hence, the court agrees with Judge Saporito's recommendation and overrules defendants' objection on this point.

defendants filed objections[2] to the report, and the court finding defendants' objections to be without merit and squarely addressed by Judge Saporito's report,[3] it is hereby ORDERED that:

1. The report (Doc. 45) of Magistrate Judge Saporito is ADOPTED.

2. Defendants' motion (Doc. 29) for summary judgment is DENIED.

3. Larnerd's motion (Doc. 43) for a fourth extension of time to complete discovery is DENIED.

4. A separate pretrial scheduling order shall issue.

      /S/ CHRISTOPHER C. CONNER
      Christopher C. Conner, Chief Judge
      United States District Court
      Middle District of Pennsylvania

---

[2] When a party objects to a magistrate judge's report and recommendation, the district court performs a *de novo* review of the contested portions of the report. See Behar v. Pa. Dep't of Trans., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). In this regard, Local Rule of Court 72.3 requires written objections to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections." LOCAL RULE OF COURT 72.3; also Behar, 791 F. Supp. 2d at 389 (citing Shields v. Astrue, Civ. No. 07-417, 2008 U.S. Dist. LEXIS 74519, at *6 (M.D. Pa. Sept. 8, 2008)).

[3] In their objections, defendants reiterate their merits-based attack on Larnerd's excessive force claim, contending that under defendants' version of the facts, the degree of force used against Larnerd was reasonable. Because the court agrees with Judge Saporito that Larnerd offered a factual response sufficient to survive Rule 56 scrutiny and demonstrate genuine disputes of material fact, the court will overrule this objection.